# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LINDA ADAMS**                                                                           **PLAINTIFF**

**V.**                                             **CAUSE NO. 3:20-CV-560-CWR-FKB**

**MICHAEL WITT; ABF FREIGHT**                                 **DEFENDANTS**
**SYSTEM, INC.**

## ORDER

Before the Court is the defendants' motion for summary judgment. Docket No. 3. The matter is fully briefed and ready for adjudication. The familiar legal standard applies.

According to several eyewitnesses, GPS data, and a State Trooper's accident report, Linda Adams drove into Michael Witt's truck while Witt was stopped in the right lane of I-20 waiting for an unrelated accident to be cleared. Adams swears, however, that Witt caused the crash when he attempted to move his truck into her lane.

There plainly is a material factual dispute as to which driver erred. Although the weight of the evidence favors the defendants, the fact dispute precludes summary judgment. The defendants are presently entitled to summary judgment only on Adams' punitive damages claim, which cannot proceed on this record.

The defendants press that Adams' affidavit is self-serving. That is true but not dispositive. The Fifth Circuit has explained why:

> A party's own testimony is often self-serving, but we do not exclude it as incompetent for that reason alone. . . . Much evidence is self-serving and, to an extent, conclusional. Instead, an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving. . . . If all self-serving testimony were excluded from trials, they would be short indeed.

*C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011) (quotation marks and citations omitted).

This Court is not sure how Adams intends to discredit at trial the defendants' GPS data. The data show that Witt's truck was stopped at the time of the accident. Adams has not filed a Rule 56(d) request seeking discovery into that or any other issue.

In any event, also before the Court is a motion by Adams' counsel to withdraw from his representation. The motion is well-taken and is granted. Adams shall have 30 days from today to either have a new attorney enter an appearance, or notify the Clerk that she intends to proceed *pro se*.

The motion for summary judgment is granted in part and denied in part as stated above. By December 4, the parties shall contact the chambers of the Magistrate Judge to schedule a Telephonic Case Management Conference.

**SO ORDERED**, this the 26th day of October, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
